IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RODGER PHILLIP HERNANDEZ, PRO SE, §
also known as §
   ROGER PHILLIP HERNANDEZ, §
also known as §
   PHILLIP HERNANDEZ, §
County ID No. 10071501, §
Previous TDCJ-CID No. 647097, §
                                          §
      Plaintiff, §
                                          §
v. § 2:10-CV-0262
                                          §
Sheriff TERRY BOUCHARD, §
      Defendant. §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, proceeding pro se, filed the instant cause while a prisoner confined in the Henderson County Justice Center, pursuant to Title 42, United States Code, section 1983, complaining against the above-named defendant and was granted permission to proceed in forma pauperis. This cause was administratively closed January 12, 2011 pursuant to the *Younger*[1] doctrine and was reopened May 19, 2011.

Plaintiff sues defendant Sheriff Terry BOUCHARD, the Sheriff of Ochiltree County, claiming false imprisonment and unlawful restraint and arguing that the deputy sheriff who took the complaint against plaintiff didn't do a proper investigation. Plaintiff contends Ochiltree County didn't have jurisdiction over the subject matter which was the basis for charges there because the underlying incident occurred in Potter County. Plaintiff also says the complaint by his ex-girlfriend was false and malicious.

Plaintiff requests an award of compensatory damages in an unspecified amount for false imprisonment and unlawful restraint.

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971).

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court takes the facts and arguments discussed in this analysis from plaintiff's complaint, his May 16, 2011 motion to reopen the case, and his July 20, 2011 motion for summary judgment.

Initially, the Court notes plaintiff's allegation that the deputy sheriff who took the complainant's report failed to perform a proper investigation, is merely an allegation of negligence by the deputy sheriff, who is not a defendant, and will not support a claim against defendant BOUCHARD under section 1983. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990). The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). This

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

While plaintiff asserts a claim of false arrest against defendant Sheriff BOUCHARD, plaintiff has pled he was arrested in Henderson County by Henderson County law enforcement personnel, and the records plaintiff has presented to the Court show he was arrested on a Henderson County charge of aggravated assault with a deadly weapon [plaintiff's May 16, 2011 Motion to Reopen Exhibits 1-2]. Plaintiff states he was also detained on warrants out of Ector County and Ochiltree County. Nothing in the facts alleged by plaintiff indicates any personal involvement or wrongful action by defendant BOUCHARD.

Plaintiff complains that, while he was detained in Henderson County awaiting trial on his Henderson County charges, the bond on his Ochiltree County charges was changed from $4,000.00 to "no bond," but plaintiff alleges no fact to show defendant BOUCHARD or even anyone in his office had anything to do with setting plaintiff's bond or changing it to a "no bond." The records presented by plaintiff show Ector County also issued a "no bond" on plaintiff [plaintiff's May 9, 2011 Motion to Reopen at Exhibit 1). Plaintiff's bond on his Henderson County charges was $10,000.00 [plaintiff's May 9, 2011 Motion to Reopen at Exhibit 2]; however, plaintiff did not bond out but remained in jail. He was tried on the Henderson County charges on April 18, 2010 and was found not guilty [plaintiff's May 16, 2011 Motion to Reopen at p.4 of 17, Page ID 31]. Plaintiff complains he spent 9-1/2 months in jail on a false charge; however, this was on the Henderson County charge, with which defendant BOUCHARD was not involved. By these allegations, plaintiff has failed to state a claim against defendant BOUCHARD on which relief can be granted.

Plaintiff says he should have been taken to Ector County next to face his charges there, but was taken Ochiltree County, where he was arraigned and a $4,000.00 bond was set. Plaintiff argues Ochiltree County had no jurisdiction because the events underlying his criminal charges there actually occurred in Potter County. Plaintiff also argues the indictment and prosecution

3

occurred outside the statute of limitations. Plaintiff alleges no fact to show the personal involvement of defendant BOUCHARD in any of the above-listed acts and has failed to state a claim against him.

Lastly, plaintiff alleges he requested to talk with the County Attorney and that the County Attorney presented him with a plea agreement. Plaintiff says the Chief Deputy told plaintiff there were no other detainers or holds on him and if he accepted the plea agreement, he would be free that very day. Nevertheless, plaintiff makes clear that he knew of the Ector County charges against him. Plaintiff says he waived counsel, accepted the plea agreement, pled guilty to the charges against him in Ochiltree County, was sentenced and was given credit for time already served in satisfaction of his sentence. Plaintiff says he was then taken to Ector County where he had to deal with the parole revocation charges pending against him there,

Again, assuming any or all of the above actions were wrongful, plaintiff has not alleged any fact showing personal involvement by defendant BOUCHARD or pled any other theory under which BOUCHARD could be liable. Sheriff BOUCHARD is not personally liable under section 1983 for the acts of his subordinates. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).

The Court also notes plaintiff's repeated arguments that (1) the complainant lied, (2) Ochiltree County had no jurisdiction of his alleged crimes because they occurred in Potter County, and (3) he was prosecuted outside the statute of limitations. These objections, of course, would tend to cast doubt upon the Ochiltree County convictions resulting from his guilty pleas.

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States Supreme Court held that a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 unless the complainant can show favorable termination or invalidation of the conviction.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid</u>, a § 1983 plaintiff must prove that the

4

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486–87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers,* 31 F.3d 279, 284–85 (5th Cir.1994). Moreover, the United States Court of Appeals for the Fifth Circuit applies the holding of *Heck* to cases where the plaintiff has been released. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000).

Plaintiff failed to allege facts showing defendant BOUCHARD was involved in the decision to prosecute his cases despite the alleged untruthfulness of the complainant, any jurisdictional flaws, or the alleged expiration of limitations. In any event, such claims are barred by the *Heck* doctrine. Plaintiff's May 16, 2011 pleading and the attachments thereto affirmatively demonstrate that his Ochiltree County convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Plaintiff's claims lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff RODGER PHILLIP HERNANDEZ is DISMISSED WITH PREJUDICE as FRIVOLOUS, AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE

BEEN MET, and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: plaintiff and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____ 22nd _____ day of March, 2012.

_____
MARY LOU ROBINSON
United States District Judge